IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GILBERT VILLANUEVA, | § | |
| TDCJ-CID NO. 1430031, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-07-107 |
| | § | |
| ROBERT E. BELL, | § | |
| | § | |
|    Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Gilbert Villanueva ("Villanueva"), an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), filed a civil rights complaint against Jackson County District Attorney, Robert E. (Bobby) Bell ("Bell"). He has also sought permission to proceed *in forma pauperis*. The Court will dismiss the complaint as frivolous. 28 U.S.C. § 1915(e).

Villanueva is serving a sixteen year sentence pursuant to conviction for second degree felony theft out of Jackson County, Texas. *See Villanueva v. Quarterman*, No. V-08-06 (S.D. Tex. Mar. 4, 2009). He did not file a direct appeal. Instead, he filed a state post-conviction application for a writ of habeas corpus on September 4, 2007. *Id.* The Texas Court of Criminal Appeals denied the application without a written order on December 5, 2007. Villanueva accuses Bell of altering his indictment after he filed his state habeas application. *See* Original Complaint, Dkt. No. 1 at 3. Villanueva seeks an investigation of his claims and an order informing the Court of Criminal Appeals about the alleged forgery.

By asserting that Bell tampered with his indictment and frustrated his attempts to challenge his forgery conviction in a state court post-conviction proceeding, Villanueva attempts to assert an additional challenge to the felony conviction. To the extent that Villanueva might seek damages

from Bell, such a claim would be barred because state prosecutors enjoy absolute immunity for their actions made in accordance with their duties and responsibilities. *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). Moreover, Villanueva's challenge to the criminal judgment against him must first be pursued in a habeas action or appeal. *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1833 (1973); *see also Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (citing *Serio v. Members of La. Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987)). Consequently, this proceeding cannot go forward until Villanueva's conviction has been overturned on appeal or in an appropriate post-conviction habeas challenge. *See Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). In other words, Villanueva must show that the underlying criminal proceeding terminated in his favor before he can go forward with a civil action. *See Brandley v. Keeshan*, 64 F.3d 196 (5th Cir. 1995).

As stated above, the Court of Criminal Appeals denied Villanueva's state habeas application. Villanueva subsequently filed a federal habeas petition in which he claimed that "the district attorney [Bell] 'altered and forged' his original indictment during the course of his state habeas proceedings in order to 'try and deceive and manipulate the court of appeals.'" *Villanueva v. Quarterman*, No. V-08-06, Memorandum Opinion and Order, Dkt. No. 20 at 10 (quoting Original Petition). This Court denied the claim noting that it was unexhausted and procedurally barred. *Id.* at 12. The Court further observed that the claim was conclusory and that Villanueva failed to allege that the alteration had any affect on the conviction or sentence. *Id.* Similarly, the Court finds no facts alleged in Villanueva's present complaint which support his claim that Bell tampered with his indictment; nor is there any indication that the alleged tampering adversely affected the outcome of the habeas challenge. Therefore, the Court finds that the claim presented in this action should be dismissed as baseless and precluded by this Court's prior finding in *Villanueva v. Quarterman*, No.

-2-

V-08-06. *Jackson v. Widnall*, 99 F.3d 710, 715-16 (5th Cir. 1996) (allegations must be pleaded with "factual detail and particularity"); *United States v. Shanbaum*, 10 F.3d 305, 310-11 (5th Cir. 1994) (issue preclusion by holding in prior action).

Villanueva filed his civil rights complaint without paying the filing fee and by a Notice of Deficient Pleading (Dkt. No. 3) was instructed to submit either the filing fee or an Application to Proceed In Forma Pauperis. He responded by filing a certified printout of his prisoner trust account (Dkt. No. 8) which this Court construes to be a pauper's application. Prisoner civil rights complaints or civil rights complaints filed *in forma pauperis* may be dismissed *sua sponte* if they are frivolous. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A; *Moore v. McDonald*, 30 F.3d 616, 620 (1994). This prisoner action shall be dismissed as frivolous because it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

Villanueva's Application to Proceed *In Forma Pauperis* shall be granted. Villanueva is not required to prepay the entire filing fee, but he is obligated pay the filing fee pursuant to the provisions of 28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund is **ORDERED** to deduct 20 percent of each deposit made to Villanueva's account and forward the funds to the Clerk of the Court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

## Conclusion

The Court **ORDERS** the following:

1. This cause of action, filed by Inmate Gilbert Villanueva, TDCJ-CID No. 1430031, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

2. The Application to Proceed *In Forma Pauperis* (Dkt. No. 3) is **GRANTED**.

3. The TDCJ-CID Inmate Trust Fund is **ORDERED** to collect the filing fee and

forward it to the court as provided in this Memorandum Opinion and Order.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 23rd day of March, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE